UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:                                                      )
                                                            )
PRESIDENT CASINOS, INC.,                                    )
                                                            )
          Debtor,                                           )
                                                            )
_____ )         Case No. 4:08CV1976 CDP
                                                            )
MARY ZEGEER,                                                )
                                                            )
          Appellant,                                        )
                                                            )
    vs.                                                     )
                                                            )
PRESIDENT CASINOS, INC.,                                    )
                                                            )
          Appellee.                                         )

**<ins>MEMORANDUM AND ORDER</ins>**

Appellant Mary Zegeer has asked that I reconsider and amend my February

16, 2010 judgment affirming the Bankruptcy Court's confirmation of the PCI Plan

of Liquidation.  Because I find that Zegeer's motion is untimely under Bankruptcy

Rule 8015, I will deny her request.

Zegeer has moved for relief from judgment or to alter or amend judgment

under Federal Rules of Civil Procedure Rules 59(e) and 60(b).  However, this is

not a proper way to seek review of my judgment affirming the order of the

bankruptcy court.  There are only two ways to seek review of a district court order

affirming a bankruptcy court judgment: (1) file a motion under Bankruptcy Court Rule 8015; or (2) appeal to the appropriate court of appeals.  *See In re Bli Farms, P'ship*, 465 F.3d 654, 657-58 (6th Cir. 2006) (finding that Federal Rules of Civil Procedure 59 and 60 are  inapplicable to judgments of a district court sitting as an appellate court).  Zegeer's motion under Rules 59(e) and 60(b) is not a proper avenue for relief.

Even if I consider Zegeer's motion as a motion for rehearing under Rule 8015 of the Bankruptcy Rules, it is untimely and must be dismissed.  Under Bankruptcy Rule 8015, a motion for rehearing of a district court judgment must be filed within ten days after judgment is entered.  I entered judgment in this case on February 16, 2010.  Zegeer filed this motion on March 15, 2010, almost a month after judgment was entered.  Her motion for rehearing is untimely, and will be dismissed.

Finally, even if I were to consider Zegeer's motion as one under the Federal Rules she cites, I would deny it as meritless.

After filing her motion in this court, Zegeer filed an appeal to the Eighth Circuit Court of Appeals.  This, not her untimely Rule 8015 motion, is the proper avenue for her to pursue her appeal of my judgment.

Accordingly,

**IT IS HEREBY ORDERED** that appellant's motion to alter judgment

[#23] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2010.

- 3 -